UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN RUNGE, Individually, and as Special Administrator of the Estate of HERMAN RUNGE,<br><br>-and-<br><br>HAROLD BLEWETT, as Special Administrator of the Estate of JENNIFER BLEWETT,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN RUDLOFF, GLEN RUDLOFF, BETH RUDLOFF & GLEN AND BETH RUDLOFF D/B/A RUDLOFF FARMS,<br><br>Defendants. | 4:23-cv-4069<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

COME NOW Plaintiffs Susan Runge, Individually and as the Special Administrator of the Estate of Herman Runge, and Harold Blewett, as the Special Administrator of the Estate of Jennifer Blewett (collectively, "Plaintiffs"), by and through their counsel, and for their causes of action, state and allege as follows:

**PARTIES**

1. Plaintiff Susan Runge ("Susan") is a resident of Sioux Falls, South Dakota. At the time of the collision, Susan was a resident of Scotland, South Dakota.

2. Herman Runge ("Herman") died as a result of the collision. At the time of the collision, he was a resident of Scotland, South Dakota. On February 8, 2023, the

1

Honorable Cheryle Gering of the First Judicial Circuit appointed Herman's wife, Susan Runge, the Special Administrator of the Estate of Herman Runge.

3. Jennifer Blewett ("Jennifer") died as a result of the collision. At the time of the collision, she was a resident of Scotland, South Dakota. On April 18, 2023, the Honorable Cheryle Gering of the First Judicial Circuit appointed her husband, Harold Blewett, the Special Administrator of the Estate of Jennifer Blewett.

4. Defendant Kevin Rudloff, based upon information and belief, is a resident of Verdigre, Nebraska.

5. Defendant Glen Rudloff, based upon information and belief, is a resident of Vedigre, Nebraska.

6. Defendant Beth Rudloff, based upon information and belief, is a resident of Vedigre, Nebraska.

7. Defendant Glen and Beth Rudloff d/b/a Rudloff Farms is an entity under which Glen and Beth Rudloff operate their business endeavors. The entity exists and operates in the State of Nebraska.

## VENUE AND JURISDICTION

8. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these causes of action occurred in this District.

**FACTS**

10. On or about November 22, 2022, Jennifer was operating a motor vehicle traveling southbound along Highway 25 in Hutchinson County, South Dakota. Her parents, Susan and Herman, were passengers in the vehicle.

11. At the same time, on or about November 22, 2022, Defendant Kevin Rudloff was operating a semitruck owned by his father and/or mother, Defendants Glen and Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms and was traveling northbound along Highway 25 in Hutchinson County, South Dakota.

12. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms had entrusted, lent and/or consented to Defendant Kevin Rudloff's use of the semitruck. The semitruck was owned and insured by Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms.

13. On November 22, 2022, Defendant Kevin Rudloff was acting within the course and scope of his employment/agency with Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms by transporting agricultural product for Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms.

14. As Jennifer's vehicle approached mile marker 25 along Highway 25, the semitruck operated by Defendant Kevin Rudloff crossed the center line entering Jennifer's lane of travel.

15. Defendant Kevin Rudloff was using his cell phone when he crossed the center line.

16. The semitruck driven by Defendant Kevin Rudloff crashed head-on into Jennifer's vehicle causing Jennifer's vehicle to careen into the ditch and tear through a barbed wire fence.

17. Herman, a passenger in Jennifer's vehicle, survived following the collision, but died at the scene due to his injuries from the collision.

18. Jennifer was alive when emergency personnel arrived at the scene. Measures were taken to try and save Jennifer's life, but she ultimately died from the injuries she sustained due to the collision.

19. Susan was airlifted to Sioux Falls for her life-threatening injuries. After extensive medical treatment, she was the sole survivor in Jennifer's vehicle.

20. On March 10, 2023, a Hutchinson County grand jury indicted Defendant Kevin Rudloff with two counts of Second-Degree Manslaughter for the deaths of Herman and Jennifer.

21. Defendant Kevin Rudloff had previous offenses in South Dakota for speeding and previous offenses in Nebraska for fleeing to avoid arrest, speeding and following too closely.

22. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms knew Defendant Kevin Rudloff had committed the above-stated driving offenses and still entrusted the semitruck to Defendant Kevin Rudloff.

23. As a direct and proximate result of the collision, Plaintiffs sustained injuries and trauma, including, but not limited to, personal injuries which required medical treatment and resulted in the death of Jennifer and Herman. Additionally, Plaintiff Susan has

experienced pain and suffering, permanent impairment, disability, loss of enjoyment of the capacity of life, emotional distress, past and future medical costs and expenses, and other general and special damages.  Jennifer and Herman suffered severe emotional distress and extreme pain and suffering prior to their deaths.

24. As a direct and proximate result of the collision, Jennifer's spouse and children lost Jennifer's services, aid, comfort, society, companionship and conjugal affections and incurred funeral expenses.

25. As a direct and proximate result of the collision, Herman's spouse and children lost Herman's services, aid, comfort, society, companionship and conjugal affections and incurred funeral expenses.

## COUNT I
### Negligence Against Defendant Kevin Rudloff

26. Susan hereby realleges paragraphs 1-25 of this Complaint and hereby incorporates them as if fully set forth herein.

27. At the time of the collision, Defendant Kevin Rudloff negligently, carelessly and/or recklessly departed from the proper standard of care which caused the collision. Defendant Kevin Rudloff breached his duties owed to the Plaintiffs by negligently, carelessly and/or recklessly operating the semitruck, by negligently, carelessly and/or recklessly using the semitruck, and by negligently, carelessly and/or recklessly traveling along the roads and streets located in the State of South Dakota, and in several respects, including, but not limited to:

    (a) Failing to obey all traffic laws and crossing the center line;

    (b) Failing to keep a proper lookout for other vehicles;

5

    (c)    Failing to keep his vehicle under control;

    (d)    Engaging in distracted driving;

    (e)    Consciously disregarding known risks; and

    (f)    Otherwise generally failing to operate his vehicle in a safe and prudent manner.

28. Defendant Kevin Rudloff's operation of the semitruck was reckless, careless and/or negligent and the proximate cause of the injuries and damages sustained by Plaintiffs.

29. As a direct and proximate result of the collision caused by Defendant Kevin Rudloff's negligence, carelessness and/or recklessness, Plaintiffs have sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; permanent impairment; disability; past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; past and future medical costs and expenses; and other general and special damages, all of which are compensable under South Dakota law.

30. Defendant Kevin Rudloff's actions were willful, wanton and reckless and constituted a conscious disregard for the rights of Susan for which punitive damages are recoverable.

## COUNT II
### Respondeat Superior Against Defendants Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

31. Susan realleges paragraphs 1-30 of this Complaint and hereby incorporates them as if fully set forth herein.

32. At all times relevant hereto, Defendant Kevin Rudloff was acting within the course and scope of his actual, express, apparent and/or implied authority with Glen

Rudloff, Beth Rudloff and/or Glen and Beth Rudloff d/b/a Rudloff Farms, as well as acting within the scope of his employment duties for Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms.

33. The conduct of Defendant Kevin Rudloff, as an employee of Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms that resulted in the collision described above and Plaintiffs' injuries and death, was reasonably foreseeable and, therefore, imputable to Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms under the doctrine of Respondeat Superior.

34. Pursuant to the doctrine of Respondeat Superior, Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms are responsible for the negligent, careless and/or reckless conduct of their employee/agent Defendant Kevin Rudloff alleged in Count I above.

## COUNT III
### Negligent Entrustment Against Defendants Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

35. Susan realleges paragraphs 1-34 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

36. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms owned and insured the semitruck driven by Defendant Kevin Rudloff.

37. On November 22, 2022, Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms entrusted, lent and consented to Defendant Kevin Rudloff's use of the semitruck.

7

38. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms had knowledge that Defendant Kevin Rudloff was an incompetent, inexperienced, dangerous, reckless and accident-prone driver when he/she/they entrusted, lent and consented to Defendant Kevin Rudloff's use of the semitruck.

39. As a direct and proximate result of Defendants Glen Rudloff's, Beth Rudloff's, and/or Glen and Beth Rudloff d/b/a Rudloff Farms's recklessness and/or negligence in entrusting the semitruck to Defendant Kevin Rudloff, Plaintiffs have sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment and death; permanent impairment and disability; disfigurement, past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; property damage; past and future medical costs and expenses; and other general and special damages, all of which are compensable under South Dakota law.

40. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms authorized Defendant Kevin Rudloff's use of the semitruck, which was willful, wanton and reckless and constituted a conscious disregard for the rights of Susan for which punitive damages are recoverable.

### Count IV
**Negligent Hiring, Retention and Supervision Against Defendants Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms**

41. Susan realleges paragraphs 1-40 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

42. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms owed a duty to Plaintiffs to exercise reasonable care in the carrying on of his/her/their business, in hiring, retaining and supervising his/her/their employees.

43. Defendants Glen Rudloff, Beth Rudloff, and/or Glen and Beth Rudloff d/b/a Rudloff Farms recklessly and/or negligently departed from the proper standard of care and breached his/her/their duties owed to Plaintiffs in the following manner:

    (a) By hiring Defendant Kevin Rudloff as an employee, when he/she/they knew or should have known of Defendant Kevin Rudloff's propensity to commit driving offenses;

    (b) By retaining Defendant Kevin Rudloff as an employee, when he/she/they knew or should have known of Defendant Kevin Rudloff's propensity to commit driving offenses;

    (c) By failing to properly supervise his/her/their employee, Defendant Kevin Rudloff; and

    (d) By failing to exercise ordinary care and awareness in the management, maintenance and control of his/her/their fleet of vehicles, including a duty to ensure that his/her/their semitrucks were not accessible to and used by unsafe and irresponsible drivers, like Defendant Kevin Rudloff.

44. Defendants Glen Rudloff's, Beth Rudloff's, and/or Glen and Beth Rudloff d/b/a Rudloff Farms's breach of the standard of care set forth above was reckless and/or negligent and the proximate cause of the injuries and damages sustained by Plaintiffs.

45. As a direct and proximate cause of Defendants Glen Rudloff's, Beth Rudloff's, and/or Glen and Beth Rudloff d/b/a Rudloff Farms's recklessness and/or negligence, Plaintiffs have sustained injuries, including, but not limited to, personal injuries resulting in death and a course of medical treatment; permanent impairment and disability; disfigurement, past, present and future pain and suffering; loss of enjoyment of the capacity

of life, emotional distress; property damage; loss of past and future earnings; past and future medical costs and expenses; and other general and special damages, all of which are compensable under South Dakota law.

46. Defendant Kevin Rudloff was unfit and Defendants Glen Rudloff's, Beth Rudloff's, and/or Glen and Beth Rudloff d/b/a Rudloff Farms's hiring, retaining and failure to properly supervise Defendant Kevin Rudloff, was willful, wanton and reckless and constituted a conscious disregard for the rights of Susan for which punitive damages are recoverable.

## COUNT V
### Survival Action against Defendants Kevin Rudloff, Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

47. The Estate of Jennifer realleges paragraphs 1-46 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

48. After Defendants' negligent acts stated in Counts I-IV above and prior to Jennifer's death, and as a result of Defendants' above-stated wrongful conduct, Jennifer suffered severe emotional distress and extreme pain and suffering.

49. Defendants are liable to Jennifer for the medical expenses sustained by Jennifer resulting from Defendants' wrongful actions.

50. Defendants' actions were willful, wanton and reckless and constituted a conscious disregard for the rights of Jennifer for which punitive damages are recoverable.

## Count VI
### Wrongful Death against Defendants Kevin Rudloff, Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

51. The Estate of Jennifer realleges paragraphs 1-50 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

52. Defendants held a duty to Jennifer as stated in Counts I-IV above.

53. Defendants recklessly and/or negligently departed from the proper standard of care and breached their duties owed to Jennifer as stated in Counts I-IV above.

54. Defendants' acts discussed in Counts I-IV above were reckless, careless and/or negligent and the direct and proximate cause of Jennifer's injuries and damages which ultimately resulted in her death.

55. By reason of the wrongful death of Jennifer, Jennifer's spouse and children have sustained damages including, but not limited to, the following: (1) funeral expenses for the Estate of Jennifer Blewett and (2) the loss of Jennifer Blewett's love, support, comfort, aid, counsel, society, companionship, guidance and services to their detriment, in an amount that a jury deems just and proper under the circumstances.

56. Defendants' negligent acts were willful, wanton and reckless and constituted a conscious disregard for the rights of Jennifer and her family for which punitive damages are recoverable.

## COUNT VII
### Survival Action against Defendants Kevin Rudloff, Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

57. The Estate of Herman realleges paragraphs 1-56 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

58. After Defendants' negligent acts stated in Counts I-IV above and prior to Herman's death, and as a result of Defendants' above-stated wrongful conduct, Herman suffered severe emotional distress and extreme pain and suffering.

59. Defendants are liable to Herman for the medical expenses sustained by Herman resulting from Defendants' wrongful actions.

60. Defendants' actions were willful, wanton and reckless and constituted a conscious disregard for the rights of Herman for which punitive damages are recoverable.

## Count VIII
### Wrongful Death against Defendant Kevin Rudloff, Glen Rudloff, Beth Rudloff & Glen and Beth Rudloff d/b/a Rudloff Farms

61. The Estate of Herman realleges paragraphs 1-60 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

62. Defendants held a duty to Herman as stated in Counts I-IV above.

63. Defendants recklessly and/or negligently departed from the proper standard of care and breached their duties owed to Herman as stated in Counts I-IV above.

64. Defendants' acts discussed in Counts I-IV above were reckless, careless and/or negligent and the direct and proximate cause of Herman's injuries and damages which ultimately resulted in his death.

65. By reason of the wrongful death of Herman, Herman's spouse and children have sustained damages including, but not limited to, the following: (1) funeral expenses for the Estate of Herman Runge and (2) the loss of Herman Runge's love, support, comfort, aid, counsel, society, companionship, guidance and services to their detriment, in an amount that a jury deems just and proper under the circumstances.

66. Defendants' negligent acts were willful, wanton and reckless and constituted a conscious disregard for the rights of Herman and his family for which punitive damages are recoverable.

WHEREFORE, Plaintiffs respectfully pray for damages against the Defendants as follows:

(1) For Plaintiffs' compensatory, general, punitive and special damages in an amount the jury deems just and proper under the circumstances;

(2) For Plaintiffs' costs and disbursements herein;

(3) For pre-judgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 25th day of April, 2023.

**JOHNSON, JANKLOW & ABDALLAH, L.L.P.**

BY_____
Scott A. Abdallah (scott@janklowabdallah.com)
Erin Schoenbeck Byre (erin@janklowabdallah.com)
101 South Main Avenue, Suite 100
Sioux Falls, SD 57101
(605) 338-4304

*Attorneys for Plaintiffs*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand trial by jury on all issues so triable.

_____
Scott A. Abdallah
Erin Schoenbeck Byre

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Susan Runge, Individually, et al.

**DEFENDANTS**
Kevin Rudloff, et al.

**(b)** County of Residence of First Listed Plaintiff: Minnehaha (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Knox (NE)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott Abdallah & Erin Schoenbeck Byre, Johnson Law Firm, 101 South Main Avenue, Suite 100, Sioux Falls, SD 57104 (605-338-4304)

Attorneys *(If Known)*
Unknown

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(b)(2)

Brief description of cause:
Negligence, Respondeat Superior, Negligent Entrustment, et al., Survivorship & Wrongful Death (from MVA)

### VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE:
DOCKET NUMBER:

DATE: 04/25/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ Scott A. Abdallah

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.